(63 Misc. Rep. 209.)

### CHISM et al. v. LAMB.

(Supreme Court, Trial Term, Warren County. April, 1909.)

1. NAVIGABLE WATERS (§ 43*)—RIPARIAN OWNERS—RIGHT TO MAINTAIN DOCK.

   A riparian owner on Lake George, public water belonging to the state, may maintain a dock in front of his premises.

   [Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. § 257; Dec. Dig. § 43.*]

2. EJECTMENT (§ 6*)—PROPERTY SUBJECT OF ACTION.

   Where riparian owners do not seek to recover simply their rights to the water fronting their premises, but to obtain possession of a permanent dock constructed there by defendant without the state's consent and against their protest, ejectment will lie, and cannot be denied on the ground that it does not lie to recover an incorporeal hereditament.

   [Ed. Note.—For other cases, see Ejectment, Cent. Dig. § 7; Dec. Dig. § 6.*]

Ejectment by John B. Chism, Jr., and another, against Isaac V. Lamb. Verdict for plaintiffs, and defendant moves to set the same aside. Motion denied. Judgment for plaintiffs.

Charles R. Patterson, for the motion.
Chambers & Finn, opposed.

SPENCER, J. The jury found that the plaintiffs are the owners of lands abutting upon the shore of Lake George; the lake being public water belonging to the state. The defendant without consent of the state and against the protest of the plaintiffs erected a permanent dock in front of the plaintiffs' premises in the water fronting their land. It is constructed of timbers held in place by being weighted with stone, in the ordinary form in which docks are made, and comes in contact with the earth at and below low-water mark and with a wall built by the plaintiffs at low-water mark. The dock is further connected with the shore by a movable plank which is used for various purposes, but chiefly for persons to pass from the dock to and upon the plaintiffs' land and the reverse.

There does not seem to be any doubt that the plaintiffs, as riparian owners, have the right to construct and maintain a dock in front of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

their premises. Town of Brookhaven v. Smith, 188 N. Y. 74, 80 N. E. 665; City of Brooklyn v. Mackay, 13 App. Div. 105, 42 N. Y. Supp. 1063; Jenks v. Miller, 14 App. Div. 474, 43 N. Y. Supp. 927; People v. Mould, 37 App. Div. 35, 55 N. Y. Supp 453.

The defendant does not deny that, in respect to the dock, he is a trespasser, both as to the state and the plaintiffs; but he contends that the rights which the plaintiffs possess in the water fronting their premises constitute an incorporeal hereditament for which ejectment will not lie. He cites a large number of decisions from other states, and the following from this state: New York, City of, v. Union Ferry Co., 55 How. Prac. 138, 142; New York, City of, v. North Shore, S. I. Ferry Co., Id. 154, affirmed 9 Hun, 620; Rowan v. Kelsey, 18 Barb. 484, 488; Child v. Chappell, 9 N. Y. 246. It may be conceded that these decisions are conclusive on the question that ejectment will not lie to recover possession of an incorporeal hereditament; but the dock in question is not an incorporeal hereditament, but is tangible and corporeal. The plaintiffs by their complaint do not seek to recover simply their rights to the water fronting their premises, but to obtain possession of the dock which the defendant has constructed there. As built it is a part of the real property, and was intended by the builder for permanent use, and is capable of delivery by the sheriff.

The motion therefore is denied. The plaintiffs may enter judgment, as prayed for in the complaint, with costs. The jury fixed the damage at $50 and found that title in fee is in the plaintiffs.

Judgment accordingly.